

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00538-CR

**IN RE** Avery B. **CRAWFORD**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  August 15, 2018

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

Relator filed a pro se petition for writ of mandamus asking this court to grant his motion to dismiss his appointed trial counsel and grant his motion for change of venue.

Although section 22.221 of the Texas Government Code grants courts of appeals mandamus jurisdiction in criminal matters, an appellate court has no jurisdiction to remove appointed counsel and appoint new counsel.  *See In re Burt*, 05-16-01212-CV, 2016 WL 6135526, at *1 (Tex. App.—Dallas Oct. 21, 2016, orig. proceeding) (mem. op.); *Hebert v. Honorable Judge of 208th Dist. Court of Harris Cty.*, 01-91-00052-CV, 1991 WL 22355, at *1 (Tex. App.—Houston [1st Dist.] Feb. 21, 1991, orig. proceeding) (not designated for publication).  The trial court has the exclusive responsibility for appointing counsel to represent indigent defendants, even after the

---

[1] This proceeding arises out of Cause No. 2017CR10532 & 2017CR10534, styled *The State of Texas v. Avery B. Crawford*, pending in the 186th Judicial District Court, Bexar County, Texas, the Honorable Jefferson Moore presiding.

appellate record has been filed. TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(c) (West. Supp. 2017); *Watson v. State*, No. 07-06-0414-CR, 2007 WL 313460, at *1 (Tex. App.—Amarillo Feb. 2, 2007, no pet.) (per curiam).

Relator also asks this court to grant his motion to change venue. Relator is represented by court-appointed trial counsel below; therefore, he is not entitled to hybrid representation. *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). The absence of a right to hybrid representation means relator's request for a change of venue will be treated as presenting nothing for this court's review. *See id.*; *see also Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).

Because we do not have jurisdiction to grant relator the relief he requests in his first issue and because his second issue presents nothing for our review, we dismiss the petition for writ of mandamus.

PER CURIAM

Do not Publish